No. 23-55002

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

In the Matter of : HEARTWISE, INC.,
*Debtor,*

-----------------------------

DAVIDPAUL DOYLE,
Appellant,

vs.

HEARTWISE, INC.,
*Defendant-Appellee,*
_____

Appeal from the United States District Court for the Central District of California,
Judge Andre Birotte Jr., Case No. 8:21-cv-01961-AB
_____

## VONBRIESEN & ROPER, S.C.'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR APPELLANT DAVIDPAUL DOYLE
_____

VON BRIESEN & ROPER, S.C.
Mark F. Foley (State Bar No. 1005627)
411 E. Wisconsin Ave., Ste.1000
Milwaukee, WI 53202
Telephone: (414) 287-1404
Facsimile: (414)

Attorneys for Appellant, DavidPaul Doyle

1

The von Briesen & Roper, s.c. law firm ("von Briesen") counsel for Appellant DavidPaul Doyle ("Appellant"), moves for an order permitting it to withdraw as counsel of record on the following grounds:

1. The von Briesen law firm was retained by DavidPaul Doyle when he was the real party in interest concerning the subject matters of this case.

2. Doyle transferred his interests to another individual, Mr. Osman Khan. Thereafter, the case was continued in the name of DavidPaul Doyle pursuant to Federal Rule of Civil Procedure 25(c) and Bankruptcy Rules 9014 and 7025(c), with Mr. Doyle's acquiescence, though Mr. Khan became the real party in interest.

3. Mr. Khan and the von Briesen law firm have been unable to reach agreement on the terms of retention for this Appeal, including full payment for past services rendered.

4. Mr. Khan has informed me that he wishes to proceed with the appeal pro se and does not want the von Briesen law firm to take any additional steps furtherance of the appeal.

5. At Mr. Khan's request, the von Briesen firm and the Yocca Law firm filed a notice of appeal in the District Court to protect the appeal deadline while Mr. Khan sought other counsel or could be positioned to represent himself pro se.

6. To enable Mr. Khan to proceed pro se, the von Briesen firm filed a "Motion to Substitute Osman Khan for DavidPaul Doyle as Appellant; Decision Requested February 9, 2023" on January 19, 2023 [Dkt. 6-1]. That motion is unopposed, but was not decided by the requested date and remains pending.

7. The deadline to file an initial brief is approximately three (3) weeks away. Mr. Khan has been advised of the deadline. Moreover, pursuant to Circuit Rule 27-11(a)(6), a motion to withdraw as counsel "shall stay the schedule for record preparation and briefing pending the Court's disposition of the motion." Accordingly, von Briesen's withdrawal will not prejudice Appellant.

8. In view of the foregoing, the von Briesen law firm respectfully requests that this Court grant this motion and relieve von Briesen as counsel of record for Appellant.

Dated: February 14, 2023.    Respectfully submitted,

VON BRIESEN & ROPER, S.C.

By: */s/ Mark F. Foley*
Mark F. Foley
Attorneys for Appellant
DavidPaul Doyle

## DECLARATION OF MARK F. FOLEY

I, Mark F. Foley, declare and state as follows:

1. I am an attorney duly admitted to practice before the courts of the State of Wisconsin, the U.S. Supreme Court, and the Seventh and Eighth Circuit Courts of Appeals. I was admitted to practice before the Ninth Circuit Court of Appeals as of January 24, 2023. I am an equity shareholder in the law firm of von Briesen & Roper s.c. ("von Briesen") and counsel of record for Appellant DavidPaul Doyle. I have personal knowledge of the following facts and, if called as a witness, could competently testify thereto.

2. von Briesen was retained by Mr. DavidPaul Doyle when he was the real party in interest concerning the subject matters of this case.

3. Doyle has transferred his interests in this matter to another individual, Mr. Osman Khan. Thereafter, the case was continued in the name of DavidPaul Doyle pursuant to Federal Rule of Civil Procedure 25(c) and Bankruptcy Rules 9014 and 7025(c), with Mr. Doyle's acquiescence, though Mr. Khan became the real party in interest.

4. Mr. Khan and the von Briesen law firm have been unable to reach agreement on the terms of retention for this Appeal, including full payment for past services rendered.

5. At Mr. Khan's request, von Briesen and the Yocca Law firm 9as local counsel) filed a notice of appeal in the District Court to protect the appeal deadline while Mr. Khan sought other counsel or could be positioned to represent himself pro se.

6. Mr. Khan has informed me that he now wishes to proceed with the appeal pro se and does not want von Briesen to take any additional steps in furtherance of this appeal.

7. Mr. Khan has significant experience with litigation, including other litigation before this Court. However, it I my understanding that Mr. Khan is not licensed to practice law, and therefore could not represent Mr. DavidPaul Doyle in this proceeding.

8. To facilitate Mr. Khan's desire to proceed pro se, von Briesen filed a "Motion to Substitute Osman Khan for DavidPaul Doyle as Appellant; Decision Requested February 9, 2023" on January 19, 2023 [Dkt. 6-1]. That motion is unopposed, but was not decided by the requested date and remains pending.

9. The deadline to file an initial brief in this appeal is approximately three (3) weeks away. Mr. Khan was advised of that deadline at least two weeks ago. Moreover, pursuant to Circuit Rule 27-11(a)(6), a motion to withdraw as counsel "shall stay the schedule for record preparation and briefing pending the Court's

disposition of the motion." Accordingly, von Briesen's withdrawal will not prejudice Appellant.

10. The circumstances set forth above establish an irreparable break down in the attorney-client relationship between Mr. Khan and von Briesen. Accordingly, von Briesen requests that I, and all its attorneys, be allowed to withdraw immediately as counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on February 14, 2023 at Milwaukee, Wisconsin.

/s/ Mark F. Foley

MARK F. FOLEY

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 352 words, as determined by the word-count function of Microsoft Word for Office 365, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), as incorporated by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times Roman font.

Dated: February 14, 2023

Respectfully submitted,

VON BRIESEN & ROPER, S.C.

By: /s/ Mark F. Foley
    Mark F. Foley
    Attorneys for Appellant
    DavidPaul Doyle

## CERTIFICATE OF SERVICE

I certify that on February 14, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system. I have also emailed a copy to counsel of record for Appellee.

I further certify that I have served Appellant, through his successor in interest, by mail and email.

Dated: February 14, 2023	Respectfully submitted,

VON BRIESEN & ROPER, S.C.

By: <u>Mark F. Foley</u>
    Mark F. Foley
    Attorneys for Appellant
    DavidPaul Doyle

39251286_1.DOCX